[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENTAS TO DAMAGES
This action was commenced by the plaintiffs against Jonathan Lancia (Lancia), Steve Kordiak (Kordiak), and Jonathan Winslow (Winslow), all general partners of a partnership known as Laurel Associates (Laurel) seeking recovery of a partnership debt allegedly owed to the plaintiffs. During the pendency of this action Kordiak died and Jeanette M. Kordiak, Executrix of the Estate of Stephen M. Kordiak (Kordiak, Executrix) has been substituted as a defendant.
On April 11, 1995 this court granted the plaintiffs' motion for summary judgment as against Winslow and Kordiak, Executrix, as to liability for the partnership debt, but the court did not reach the issue of damages. Before the court at this time is the plaintiffs' motion for summary judgment as to damages as against Winslow and Kordiak, Executrix.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). While the party seeking summary judgment has the burden of establishing the nonexistence of any material fact, it is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter CT Page 10663 of law, that a genuine issue of material fact exists." Connell v.Colwell, 214 Conn. 242, 251, 571 A.2d 116 (1990).
The alleged partnership debt arises out of an earlier suit brought by the plaintiffs in this case against Laurel Associates in which the court, Schaller, J., entered judgment in favor of the plaintiffs against Laurel Associates in the amount of $150,000 plus interest from May 1, 1989. This judgment was entered on July 26, 1991 and totaled, as of that date, $175,237.26. This amount is arrived at by adding interest at 10% per annum of $24,866.66 and costs of $370.60 to the $150,000. In addition the plaintiffs claim that the debt of the partnership continues to increase at 10% per annum on the original judgment to the present date. The plaintiffs compute this additional interest from July 26, 1991 through July 26, 1995 as totaling $70,094.90, and at a per diem rate of $48.68 after July 26, 1995 to the date of the judgment to be rendered in this case. This mathematical computation has not been challenged by the defendants although they dispute that they should be obligated to pay this amount of interest. The court calculates additional interest from July 26, 1995 to the date of this judgment, September 15, 1995, as totaling an additional $2,482.68. Therefore, the total amount the plaintiffs are seeking by way of the motion for summary judgment as to damages is $247,814.84.
The primary claim of the defendants in opposition to the motion is that the actions of one of the partners, Ned Wilson, in entering into the original contract which led to all of the litigation, exceeded certain restrictions contained in the partnership agreement. The defendants refer to Section 34-47(4) of the Uniform Partnership Act which provides that "no act of a partner in contravention of a restriction on authority shall bind the partnership to persons having knowledge of the restriction". The short answer to this claim is that it was raised as a defense in the original suit against the partnership and decided in favor of the plaintiffs by Judge Schaller when he entered judgment, despite these restrictions, against the partnership in the amount of $150,000 plus interest. Even if this claim had not already been ruled upon it is also to be noted that there is no evidence that any of the plaintiffs had knowledge of these restrictions. The references in the defendants' memorandum of law to "real estate industry practices", unsupported by affidavit, does not raise a question of fact in this regard.
The defendants also claim that in determining the amount of CT Page 10664 the partnership debt for which they are liable that interest which has accrued since the date of the judgment against the partnership should not be included, or that it should be computed from some date following the institution of this suit. The court does not agree. The issue to be determined on this motion is what is the present debt of the partnership which the plaintiffs are liable for and whether there is any genuine issue of material fact relative to that issue.
As indicated above, there is an outstanding judgment against the partnership and interest continues to accrue on that judgment at a rate of 10% per annum. Therefore the debt of the partnership, as computed above, totals, as of the date of this judgment, $247,814.84.
There being no genuine issue of material fact relative to the motion for summary judgment, the motion is granted, and judgment in the amount of $247,814.84 may enter against the defendants Jonathan Winslow and Jeanette M. Kordiak, Executrix of the Estate of Stephen M. Kordiak.
William L. Hadden, Jr., Judge